**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-2017**

---

LARRY BRYANT, On behalf of himself and all others similarly situated; DEIDRA BRYANT, On behalf of herself and all others similarly situated,

        Plaintiffs - Appellants,

      v.

KOPPERS, INC.; CULPEPER OF FEDERALSBURG, LLC; CULPEPER OF COLUMBIA, INC.; CULPEPER OF FREDERICKSBURG, INC.; CULPEPER OF FRUITLAND, LLC,

        Defendants - Appellees.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge.  (1:21-cv-02008-RDB)

---

Submitted:  April 20, 2023                         Decided:  April 24, 2023

---

Before KING and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Mark D. Maneche, Aiden F. Smith, PESSIN KATZ LAW, P.A., Towson, Maryland, for Appellants.  Gerard J. Gaeng, ROSENBERG MARTIN GREENBERG, LLP, Baltimore, Maryland; Robert L. Shuftan, Anthony G. Hopp, George V. Desh, STEPTOE & JOHNSON, LLP, Chicago, Illinois, for Appellee Koppers Inc. Thomas R. Waskom, J. Pierce Lamberson, HUNTON ANDREWS KURTH, LLP, Richmond, Virginia, for Appellees Culpeper of Federalsburg, LLC; Culpeper of Columbia, Inc.;

2

Culpeper of Fredericksburg, Inc.; and Culpeper of Fruitland, LLC.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry and Deidra Bryant appeal the district court's order granting Defendants' motions to dismiss, challenging only the court's dismissal of their unfair or deceptive trade practices claim, *see* Maryland Consumer Protection Act (MCPA), Md. Code Ann., Com. Law §§ 13-303, 13-301(1) (LexisNexis 2018), under Fed. R. Civ. P. 9(b).  The Bryants alleged that Defendants misrepresented that the wood Defendants manufactured would be impervious to fungus and rot.  The Bryants contracted with a third-party to build a deck using Defendants' product, and, several years later, the Bryants discovered extensive fungus that rendered the deck unsound.  We affirm.

We review de novo a district court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "accept[ing] the factual allegations of the complaint as true and constru[ing] them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

MCPA claims for unfair and deceptive practices under § 13-301(1) "sound[] in fraud [and are] subject to the heightened pleading standards of . . . Rule . . . 9(b)". *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 781 (4th Cir. 2013).  Rule 9(b) requires a plaintiff to plead "with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  "The circumstances include the time, place, and contents of the false

representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Spaulding*, 714 F.3d at 781 (internal quotation marks omitted).

Our review of the record shows that the Bryants failed to satisfy the heightened pleading standard of Rule 9(b) and, therefore, that the district court did not err by dismissing the MCPA claim. Accordingly, we affirm the court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*